210 July 1, 2026 No. 621

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

DAN MARTIN CONSTRUCTION, INC,
an Oregon limited liability company,
*Plaintiff-Appellant,*

*v.*

THE CITY OF KLAMATH,
an Oregon municipality,
*Defendant-Respondent,*

*and*

Scott SOUDERS,
an individual,
and Mark Willrett,
an individual,
*Defendants.*

Klamath County Circuit Court
23CV17999; A183532

Alycia E. Kersey, Judge.

Argued and submitted July 22, 2025.

Chase A. S. Beguin argued the cause for appellant. Also on the opening brief was Cauble & Whittington, LLP. On the reply brief were Christopher L. Cauble and Cauble, Furr, & Beguin, LLP.

Casey S. Murdock argued the cause for respondent. Also on the brief was Frohnmayer, Deatherage, Jamieson, Moore, Armosino, & McGovern, PC.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

This case arises from a dispute between plaintiff, the builder of a subdivision in Klamath County, and the City of Klamath Falls, the provider of water to the subdivision. Plaintiff filed a complaint against the city for injunctive relief, tort claims, and contract claims. Those claims are premised on allegations that, at the time plaintiff obtained approvals for phase 1, the city failed to inform plaintiff that an expensive water pump upgrade would be required for the subdivision for future phases, as set out in the city's 2010 Water Master Plan, and, when plaintiff sought approvals for phase 2, failed to allocate funds for the pump upgrade as promised in the 2010 Water Master Plan and improperly required plaintiff to complete the pump upgrade before starting phase 2.

The city filed both a special motion to strike under ORS 31.150,[1] Oregon's anti-SLAPP (Strategic Lawsuits Against Public Participation) statute, and a motion for summary judgment. The trial court granted both of the city's motions and entered a judgment dismissing plaintiff's complaint with prejudice. In a supplemental judgment, the court awarded attorney fees to the city under ORS 31.152(3). Plaintiff appeals, raising four assignments of error. As explained below, we affirm.

*First and second assignments of error.* In its first and second assignments of error, plaintiff challenges the trial court's grant of the city's special motion to strike. "[A] defendant making a special motion to strike has the burden to make a *prima facie* showing that the plaintiff's claim is of the type described in ORS 31.150(2)." *DeHart v. Tofte*, 326 Or App 720, 725, 533 P3d 829, *rev den*, 371 Or 715 (2023); *see also* ORS 31.150(4). If the defendant meets that burden, the plaintiff then has the burden "to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a *prima facie* case." ORS 31.150(4). "We review a trial court's grant of a special motion to strike for legal error." *Bryant v. Recall*

---

[1] The legislature amended ORS 31.150 in 2025, which went into effect on January 1, 2026. Or Laws 2025, ch 275, § 2. Because those amendments do not affect our analysis, we refer to the current version of the statute.

*for Lowell's Future Committee*, 286 Or App 691, 692, 400 P3d 980 (2017).

In this case, the trial court determined that all of plaintiff's claims fell within ORS 31.150(2)(a)(C), which provides that a special motion to strike may be brought "against any claim in a civil action that arises out of * * * [a]ny oral statement made, or written statement or other document presented, in a place open to the public or a public forum in connection with an issue of public interest[.]" The court determined that plaintiff's claims all arose out of the 2010 Water Master Plan and that the plan was open to the public "in connection with an issue of public interest."

On appeal, plaintiff argues that the trial court erred primarily because the claims do not relate to protected conduct, such as free speech, and do not relate to a matter of public interest. Plaintiff also states, without further explanation, that its tort claims do not relate to the 2010 Water Master Plan and that the plan only served as evidence of the city's knowledge of the need for a new pump station when plaintiff obtained approval for phase 1.

We first address whether plaintiff's claims arose out of the 2010 Water Master Plan. "To determine whether a claim arises out of conduct described in ORS 31.150(2), we examine the conduct that is targeted by the claims in the complaint." *Dept. of Human Services v. Lindsey*, 324 Or App 312, 318, 525 P3d 470 (2023).

Based on the allegations in the amended complaint, and the evidence submitted by the city, we agree with the trial court that the city met its *prima facie* burden to show that those claims arose out of the city's 2010 Water Master Plan. The amended complaint makes the following general allegation about the 2010 Water Master Plan:

> "In this document it is explicit that the Sierra Heights Subdivision would be platted for 96 approved lots, and that the Pump Station would need to be upgraded to a larger pump as homes are added to the grid. The City then explicitly states that it will allocate $200,000.00 for said upgrade of the pump in the subdivision."

Four of plaintiff's claims—contract, quasi-contract/ implied in fact contract, promissory estoppel, and constructive on-going fraud—are each expressly premised on the city having made an "offer" or "promise" in the 2010 Water Master Plan to pay for, or allocate $200,000, for the pump upgrade for the subdivision. In addition, the contract claims allege that the requirement for the pump upgrade came from the 2010 Water Master Plan, of which the city knew about and plaintiff did not. Plaintiffs' remaining claims—injunctive relief and tortious interference with a business/contractual relationship—are premised on the city's conduct of applying the 2010 Water Master Plan pump upgrade requirement to phase 2 of plaintiff's subdivision project without paying the $200,000 for it. As we read it, each claim in the amended complaint arises out of the 2010 Water Master Plan itself because that is the identified source of the pump upgrade requirement and alleged promise of the city to pay for it. Although we can conceive of similar claims that would not arise out of the 2010 Water Master Plan, that is not how plaintiff's claims are pleaded. In addition, plaintiff did not attempt to meet the city's evidence below with evidence of its own to defeat the city's showing that the claims arose out of the 2010 Water Master Plan itself.

Under those circumstances, we conclude that the city met its *prima facie* burden to show that each of plaintiff's claims arose out of the 2010 Water Master Plan. In reaching that conclusion, we wish to be clear that our decision is based on the manner in which plaintiff pleaded and litigated its claims in this case.

We next turn to plaintiff's primary argument on appeal, which is that its claims are not related to an issue of public interest. That, however, is not what ORS 31.150 (2)(a)(C) provides. That statute provides that it is the public document that must be in connection with an issue of public interest. Plaintiff does not explain how the 2010 Water Master Plan is not in connection with an issue of public interest, and, like the trial court, we conclude that it is, particularly given plaintiff's own statements below about the public importance of water planning, including pump upgrades, to ensure fire safety and adequate water delivery.

Having concluded that the city met its burden, we turn to plaintiff's argument that the trial court erred in concluding that plaintiff did not meet its burden "to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a *prima facie* case." ORS 31.150(4).

In support of that assertion, plaintiff first argues that the trial court improperly struck two declarations it filed. Ultimately, we reject plaintiff's argument because it does not address the trial court's rulings. First, the trial court did not strike plaintiff's counsel's declaration that outlined the evidence counsel believed would be uncovered in discovery. Instead, the court denied plaintiff's untimely motion to allow discovery based on that declaration. Plaintiff has not assigned error to that ruling. The court did strike the declaration of Dan Martin that plaintiff filed on the same day as the hearing. Plaintiff conceded that the filing was untimely but asked the trial court to consider the declaration in its discretion, which the court declined to do. Plaintiff has not assigned error to the court's exercise of its discretion. As a result, we will not address the trial court's rulings on those issues. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule[.]").

Plaintiff also argues that it met its burden at the second step of the analysis. However, plaintiff did not present any evidence in response to the city's motions, except for an unauthenticated, undated e-mail that appears to contain negotiations between the city and plaintiff about the pump upgrade. And the city's submitted evidence does not assist plaintiff. "[T]he requirement in ORS 31.150([4]) that a party present 'substantial evidence to support a *prima facie* case' means that the party 'must submit sufficient evidence from which a reasonable trier of fact could find that the [party] met its burden of production.'" *Snook v. Swan*, 292 Or App 242, 246, 423 P3d 747 (2018) (quoting *Handy v. Lane*, 360 Or 605, 622-23, 385 P3d 1016 (2016)). To meet its burden of production, plaintiff was required to present evidence to

support its claims "and could not rely solely on pleadings or written argument," *id.* at 247, which plaintiff did not do.

The trial court did not err in granting the city's special motion to strike all of plaintiff's claims.

*Third assignment of error.* In its third assignment of error, plaintiff argues that the trial court erred in dismissing plaintiff's claims under both ORS 31.150 and ORCP 47 C because the "hybridization" of the two motions prejudiced plaintiff's statutory rights.

Although the city's combined special motion to strike and motion for summary judgment is unusual, the anti-SLAPP statutes and ORCP 47 appear to allow it, and plaintiff does not point to anything that would prohibit it. *See* ORS 31.152(1) ("A special motion to strike under ORS 31.150 must be filed within 60 days after the service of the complaint or, in the court's discretion, at any later time."); ORCP 47 B ("A party against whom any type of claim is asserted *** may, at any time, move *** for a summary judgment in that party's favor ***."). Additionally, we are unpersuaded that the combined motions prejudiced plaintiff's statutory rights. Any prejudice to plaintiff's ability to conduct discovery in this case was not caused by the city's combined motions; it was caused by plaintiff's failure to timely move for dismissal or continuance of the motion for summary judgment to obtain discovery under ORCP 47 F,[2] or for specified discovery under ORS 31.152(2).[3] Plaintiff did not move the court to allow discovery until after the court had already ruled against plaintiff at the hearing on the

---

[2] ORCP 47 F provides:

"Should it appear from the affidavits or declarations of a party opposing the motion that the party cannot, for reasons stated, present by affidavit or declaration facts essential to justify the opposition of that party, the court may deny the motion or may order a continuance to permit affidavits or declarations to be obtained or depositions to be taken or discovery to be had, or may make any other order as is just."

[3] ORS 31.152(2)(a) provides:

"All discovery in the proceeding shall be stayed upon the filing of a special motion to strike under ORS 31.150. The stay of discovery shall remain in effect until entry of the judgment. The court, on motion and for good cause shown, may order that specified discovery be conducted notwithstanding the stay imposed by this subsection."

city's motions, and plaintiff has not assigned error to that ruling. We thus reject plaintiff's third assignment of error.

*Fourth assignment of error.* In its fourth assignment of error, plaintiff again argues that the trial court erred in granting both of the city's motions because it resulted in a dismissal with prejudice under ORCP 47 C, and mandatory fees under ORS 31.152(3). Plaintiff requests that we determine under which statute the claims were dismissed. For the reasons expressed above, we decline to do so, because, under the circumstances of this case, we see no error in the court granting both motions.[4]

Affirmed.

---

[4] Plaintiff also argues that the amount of the fees awarded was unreasonable but concedes that it failed to preserve that error. As a result, we do not address that contention.